In the Matter of the Compensation of
Virgil R. Hutson, Claimant.

Virgil R. HUTSON,
*Petitioner,*

*v.*

PRECISION CONSTRUCTION
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB 90-15307; CA A72725)

840 P2d 725

Kevin Keaney, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Alexander D. Libmann, Portland, argued the cause for respondents. With him on the brief was M. Kathryn Olney, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board determining the extent of disability from his compensable back injury.

In 1986, claimant injured his back at work, and SAIF accepted the claim, which was closed in December, 1987. In June, 1989, claimant began to experience back pain again. SAIF denied responsibility, as did Liberty, employer's current insurance carrier. After the issuance of an order under ORS 656.307, the referee determined that Liberty is responsible.

Claimant has psoriasis that predates the 1986 injury. In January, 1990, the psoriasis became symptomatic. He claimed that the flare-up was work-related, caused by his emotional response to his back injury. Treatment was effective and, by June, 1990, the condition had abated. Liberty denied compensability of the psoriasis and asked the Department of Insurance and Finance (DIF) to close the injury. The claim was closed in August, 1990, with an additional 4% award of unscheduled disability for the back injury.

At the hearing, claimant contended that his psoriasis is compensable as a part of the back injury claim and that, because liability for the psoriasis had been denied, the claim had been prematurely closed. In the alternative, he argued that the award should have included benefits for permanent unscheduled disability resulting from the psoriasis. Claimant offered a medical report by which he sought to establish that the extent of his permanent disability was affected by the psoriasis, which he alleged was caused by a psychological condition related to the stress of his employment subsequent to and as a consequence of the back injury. Employer objected to the evidence on the ground that it was irrelevant, because neither the psoriasis, liability for which had been denied, nor the alleged stress condition are properly considered parts of the claim.

The referee admitted the report. He set aside the denial of liability for the psoriasis, finding that it is a consequence of the accepted low back claim. He set aside the determination order on the ground that it was premature and

remanded the claim to Liberty for acceptance and the payment of compensation for the psoriasis. On review, the Board held that claim closure was not premature because, at the time of the determination order, the psoriasis was medically stationary. Instead of setting aside the determination order, the Board reevaluated the extent of claimant's disability, taking into consideration the back condition *and the psoriasis*.

■       Despite what he argued at the hearing, claimant now contends that the Board erred in rating his disability from the psoriasis, rather than remanding the claim to DIF for evaluation. He argues that only DIF may rate a disability in the first instance and that the Board had no authority to rate it.

■       Although, as claimant contends, *initial* responsibility for evaluating a claim is DIF's or the insurer's, *see* ORS 656.298, the Board has the authority to review extent of disability. ORS 656.295. Claimant has always contended that psoriasis was part of his back injury claim. DIF evaluated and closed the claim without considering claimant's psoriasis. Claimant contended that the evaluation had wrongly omitted consideration of that condition. The Board agreed and reevaluated the claim, properly taking the psoriasis into account and increased claimant's award from 4% to 13% unscheduled permanent disability.

Affirmed.